UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ANOOP MICHAEL JOSEPH,               :
a/k/a JOSEPH AMOOP                  :
                                    :
            Petitioner,             :   Civ. No. 20-15473 (NLH)
                                    :
      v.                            :   MEMORANDUM ORDER
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY, et al.,        :
                                    :
            Respondents.            :
_____ :

APPEARANCE:

Anoop Michael Joseph
JP8071
SCI @ Rockview
1 Rockview Place
Bellefonte, PA 16823

    Petitioner Pro se

HILLMAN, District Judge

    WHEREAS, Petitioner Anoop Michael Joseph, also known as Joseph Anoop, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of New Jersey, Law Division, Camden County, see ECF No. 1; and

    WHEREAS, section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); and

WHEREAS, Petitioner concedes his petition is unexhausted and requests a stay of the proceedings pending his completion of state court remedies, see ECF No. 1; and

WHEREAS, after considering the factors set forth in Rhines v. Weber, 544 U.S. 269 (2005), the Court concludes it is prudent to stay the § 2254 proceedings until Petitioner has completed his state court remedies. Petitioner's request for a stay will be granted; and

WHEREAS, the Clerk of Court will be ordered to administratively terminate this petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District

Court retains jurisdiction over, and can re-open, administratively closed cases); and

WHEREAS, within 30 days of completing state court exhaustion, Petitioner shall file an amended petition on the form provided by the Clerk that contains the required notice under Mason v. Meyers, 208 F.3d 414, 419 (3d Cir. 2000),

THEREFORE, IT IS on this  12th   day of January, 2021

ORDERED that the request for a stay is granted.  The petition shall be, and hereby is, stayed pending state court exhaustion.  Rhines v. Weber, 544 U.S. 269 (2005); and it is further

ORDERED that Petitioner shall file an amended petition on the form provided by the Clerk within 30 days of completing state court exhaustion; and it is further

ORDERED that the Clerk shall send Petitioner a blank petition under 28 U.S.C. § 2254, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk shall reopen this matter upon submission of the amended petition; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail and administratively terminate this case.

At Camden, New Jersey
           s/ Noel L. Hillman           
NOEL L. HILLMAN, U.S.D.J.