```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
 JOSEPH AMOOP                      20-cv-15473 (NLH)
 a/k/a
 ANOOP MICHAEL JOSEPH,             MEMORANDUM OPINION & ORDER
                                   APPOINTING CJA COUNSEL
           Petitioner,

      v.

 THE ATTORNEY GENERAL OF THE
 STATE OF NEW JERSEY, et al.,

           Respondents.
```

**APPEARANCES**:

```
Joseph Amoop
a/k/a Anoop Michael Joseph
JP8071
SCI Rockview
1 Rockview Place
Box A
Bellefonte, PA 16823
```

    Petitioner pro se

**HILLMAN, District Judge**

    WHEREAS, Petitioner Joseph Amoop, also known as Anoop Michael Joseph, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, see ECF No. 3; and

    WHEREAS, on August 11, 2021, the Court granted Petitioner's request to stay the amended petition pending exhaustion of state court remedies, see ECF No. 7; and

    WHEREAS, Petitioner subsequently filed a motion for the

appointment of pro bono counsel, ECF No. 10. The Court interprets this request as an indication that he has completed the exhaustion of his state court remedies. Therefore, the Court will lift the stay and restore this matter to the active docket; and

WHEREAS, there is no right to counsel in habeas proceedings. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court has discretion to appoint counsel for financially eligible petitioners where "the court determines that the interests of justice so require ...."; and

WHEREAS, the Third Circuit explained that a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese, 946 F.2d at 263-64; and

WHEREAS, Petitioner is challenging his conviction from the Superior Court of New Jersey, Law Division, Camden County for first-degree felony murder, N.J.S.A. § 2C:11-3(a)(3). The last grade he completed in school was eighth grade. ECF No. 10 at 5; and

WHEREAS, Petitioner asserts this challenge is related to proceedings with the United States District Court for the Eastern District of Pennsylvania, Amoop v. Garman, No. 2:19-cv-1638 (E.D. Pa. filed Apr. 15, 2019). ECF No. 10 at 6. The presiding judge in that matter appointed the Federal Community Defender's Office to represent Petitioner on December 3, 2021. Id. at 13; and

WHEREAS, based on Petitioner's representation of indigence and the decision of the United States District Court for the Eastern District of Pennsylvania, the Court concludes Petitioner is financially eligible. His petition raises ineffective assistance of counsel claims and claims based on alleged violations of the Interstate Agreement on Detainers, ECF No. 4. There is enough merit to these claims such that the Court would not summarily dismiss them under Habeas Rule 4. The Court concludes the factual and legal issues in the case are complex enough such that appointing counsel would be in the interest of justice; and

WHEREAS, the Court shall order the Clerk to identify and appoint an appropriate attorney on this District's Criminal Justice Act list. The selected attorney shall file any supplemental brief and appendix in support of the amended petition within 45 days of his or her appointment,

THEREFORE, IT IS on this 31st day of January, 2022

3

ORDERED that the Clerk shall lift the stay and restore this matter to the Court's active docket; and it is further

ORDERED that Petitioner's motion for the appointment of counsel, ECF No. 10, shall be, and the same hereby is, granted, 18 U.S.C. § 3006A(a)(2)(B); and it is further

ORDERED that the selected attorney shall file any supplemental brief and appendix in support of the amended petition within 45 days of his or her appointment; and it is finally

ORDERED that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.  The Court's control number for the Pennsylvania Department of Corrections shall appear on the outside of the envelope.

At Camden, New Jersey
                                                                        s/ Noel L. Hillman
                                                                     NOEL L. HILLMAN, U.S.D.J.