**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JOSEPH AMOOP** *also known as* **ANOOP MICHAEL JOSEPH,** | Case No. 20–cv–15473–ESK |
| Petitioner, | |
| v. | OPINION |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,** | |
| Respondent. | |

**KIEL, U.S.D.J.**

  **THIS MATTER** comes before the Court on petitioner Joseph Amoop's, also known as Anoop Michael Joseph, motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and to amend pursuant to Federal Rule of Civil Procedure 15 (Motion). (ECF No. 31). For the following reasons, I will deny the Motion. No certificate of appealability shall issue.

  **I. FACTS AND PROCEDURAL HISTORY**

  Petitioner was convicted in the New Jersey Superior Court Law Division, Camden County of first-degree felony murder, N.J.S.A. 2C:11–3a(3); first-degree robbery, N.J.S.A. 2C:15–1; first-degree conspiracy to commit murder or robbery, N.J.S.A. 2C:5–2; second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39–4a; and third-degree unlawful possession of a handgun, N.J.S.A. 2C:39–5. *State v. Amoop*, No. A–3837–13T1, 2016 WL 3619725, at *1–2 (N.J. Super. Ct. App. Div. July 7, 2016) (*Amoop I*). He received a life sentence. *Id.* at *2. His direct appeal concluded on October 21, 2016. *State v. Amoop*, 228 N.J. 64 (2016).

Petitioner filed a *pro se* petition for post-conviction relief (PCR) on July 14, 2017. (ECF No. 25–24). The PCR court denied the PCR petition on July 10, 2020. (ECF No. 25–67.) The Appellate Division rejected petitioner's appeal on June 30, 2021. *State v. Amoop*, No. A–00737–18, 2021 WL 2711113, at *3 (N.J. Super. Ct. App. Div. June 30, 2021) (*Amoop II*). The New Jersey Supreme Court denied certification on October 8, 2021. *State v. Amoop*, 248 N.J. 489 (2021).

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 4, 2020. (ECF No. 1). District Judge Noel L. Hillman stayed the Petition to allow petitioner to return to the state courts on August 11, 2021. (ECF No. 7). The proceedings were reopened on January 31, 2022, and Judge Hillman appointed CJA counsel to represent petitioner. (ECF No. 12).

On July 1, 2022, counsel filed a Second Amended Petition. (ECF No. 20.) As is relevant here, the Second Amended Petition argued:

- Instructions to the jury on the charge of conspiracy violated petitioner's constitutional right to a unanimous verdict; trial counsel was ineffective for failing to object to unconstitutional jury instructions, and post-conviction counsel was ineffective for failing to raise same (Ground B).

- The trial prosecutor's serial improper comments during closing argument constituted a violation of due process of law; trial counsel was ineffective for failing to object; and post-conviction counsel was ineffective for failing to raise same (Ground C).

- Trial counsel's cumulative errors undermine confidence in Mr. Amoop's convictions (Ground E).

(ECF No. 20–1 p. 3.) Respondent filed its answer on October 13, 2022. (ECF No. 25.) This matter was reassigned to me on March 25, 2024. (ECF No. 26.)

On March 19, 2025, I dismissed Grounds B, C, and E as procedurally defaulted. (ECF No. 29 pp. 9, 10.) I found that petitioner "acknowledged the procedural default in the Second Amended Petition but reserved addressing cause and prejudice for a reply brief." (*Id.* p. 10 (citing ECF No. 20–1 p. 16).) "Petitioner did not submit a reply brief after respondent submitted the answer, however, leaving the cause and prejudice and miscarriage of justice arguments unaddressed." (*Id.*) Therefore, I concluded that I could not address the merits of Grounds B, C, and E. (*Id.*) I denied the remainder of the Second Amended Petition and denied a certificate of appealability. (ECF No. 30.) Petitioner filed this Motion *pro se* on April 11, 2025. (ECF No. 31.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127, 128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993). In order for reconsideration to be warranted, the party seeking reconsideration must specifically rely upon one of the qualifying bases and not merely a recapitulation of prior cases and

3

arguments, nor an expression of disagreement with the Court's earlier decision. *See Arista Records, Inc. v. Flea World*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005).

### III.  DISCUSSION

Petitioners asks for relief from judgment "so he can amend Grounds B, C, and E of [the Second Amended Petition] to include[] the cause and prejudice and fundamental miscarriage of justice factors to excuse the procedurally defaulted claims so it can be consider on their merits."  (ECF No. 31 p. 2.) "Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely … when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered."  *Ahmed v. Dragovich*, 297 F.3d 201, 207–08 (3d Cir. 2002)(quoting Fed. R. Civ. P. 15(a)).  Therefore, petitioner must satisfy the requirements for Rule 59(e) relief before I may consider his request to amend the Second Amended Petition pursuant to Rule 15.

Petitioner conceded in the Second Amended Petition that he procedurally defaulted on Grounds B & C and argued that Ground E, his cumulative error claim, did not require state court exhaustion.[1]  (ECF No. 20–1 pp. 15, 16.)  He deferred addressing the cause and prejudice and miscarriage of justice exceptions to procedural default until after respondent answered.  (*Id.* p. 16.) "Petitioner believes that he can overcome any of the potential procedural bars which may be raised by the State and has much to say about each potential bar. However, [p]etitioner should not have to anticipate the bars that may be raised by the State.  Afterall, procedural default is an affirmative defense that must be raised by the State, or be lost."  (*Id.*)  "Should the State contend that any of the grounds, or parts thereof, are procedurally defaulted, [p]etitioner will

---

[1] I rejected petitioner's argument that Ground E did not need to be exhausted in the state courts.  (ECF No. 29 p. 9.)

respond to those assertions in their *Reply Brief* … ." (*Id.* (emphasis in original).)   Petitioner did not submit a reply brief after respondent submitted the answer, however, leaving the cause and prejudice and miscarriage of justice arguments unaddressed.

Petitioner's Motion addresses why he believes that his procedural default of Grounds B, C, and E should be excused, but he has not addressed why he is entitled to relief pursuant to Rule 59(e).   (*See* ECF No. 31 *passim*.)   Petitioner was aware of the default, having conceded it in the Second Amended Petition, but he did not file any reply papers responding to the arguments presented in respondent's answer.   The Motion presents no explanation for this failure, and Rule 59(e) motions "may not be used to … raise arguments or present evidence that could have been raised prior to the entry of judgment."   *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (internal quotation marks omitted)).   Petitioner had his chance to argue against procedural default but did not do so.   It is now too late.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). I will deny petitioner a certificate of appealability because jurists of reason would agree that petitioner has not satisfied Rule 59(e)'s standard for relief from judgment.

5

## V. CONCLUSION

For the reasons stated above, I will deny the Motion.[2] An appropriate Order accompanies this Opinion.

                                               /s/ Edward S. Kiel
                                               **EDWARD S. KIEL**
                                               UNITED STATES DISTRICT JUDGE

Dated: April 23, 2025

---

[2] Petitioner filed the Motion *pro se*, so I will direct counsel to provide him with a copy of this Opinion and Order within 7 days.