**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JOSEPH AMOOP** *also known as* **ANOOP MICHAEL JOSEPH,**

  Petitioner,

  v.

**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,**

  Respondent.

Case No. 20–cv–15473–ESK

**OPINION**

**KIEL, U.S.D.J.**

   **THIS MATTER** comes before the Court on petitioner Joseph Amoop's, also known as Anoop Michael Joseph, motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (Motion). (ECF No. 38). Respondent Attorney General of the State of New Jersey opposes the Motion. (ECF No. 39.) For the following reasons, I will deny the Motion. No certificate of appealability shall issue.

   **I.   FACTS AND PROCEDURAL HISTORY**

   Petitioner was convicted in the New Jersey Superior Court Law Division, Camden County of first-degree felony murder, N.J.S.A. 2C:11–3a(3); first-degree robbery, N.J.S.A. 2C:15–1; first-degree conspiracy to commit murder or robbery, N.J.S.A. 2C:5–2; second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39–4a; and third-degree unlawful possession of a handgun, N.J.S.A. 2C:39–5. *State v. Amoop*, No. A–3837–13T1, 2016 WL 3619725, at *1–2 (N.J. Super. Ct. App. Div. July 7, 2016) (*Amoop I*). He received a life sentence. *Id.* at *2. His direct appeal concluded on October 21, 2016. *State v. Amoop*, 228 N.J. 64 (2016).

Petitioner filed a *pro se* petition for post-conviction relief (PCR) on July 14, 2017. (ECF No. 25–24). The PCR court denied the PCR petition on July 10, 2020. (ECF No. 25–67.) The Appellate Division rejected petitioner's appeal on June 30, 2021. *State v. Amoop*, No. A–00737–18, 2021 WL 2711113, at *3 (N.J. Super. Ct. App. Div. June 30, 2021) (*Amoop II*). The New Jersey Supreme Court denied certification on October 8, 2021. *State v. Amoop*, 248 N.J. 489 (2021).

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 4, 2020. (ECF No. 1). District Judge Noel L. Hillman stayed the Petition to allow petitioner to return to the state courts on August 11, 2021. (ECF No. 7). The proceedings were reopened on January 31, 2022, and Judge Hillman appointed CJA counsel to represent petitioner. (ECF No. 12).

On July 1, 2022, counsel filed a Second Amended Petition. (ECF No. 20.) As is relevant here, the Second Amended Petition argued:

- Instructions to the jury on the charge of conspiracy violated petitioner's constitutional right to a unanimous verdict; trial counsel was ineffective for failing to object to unconstitutional jury instructions, and post-conviction counsel was ineffective for failing to raise same (Ground B).

- The trial prosecutor's serial improper comments during closing argument constituted a violation of due process of law; trial counsel was ineffective for failing to object; and post-conviction counsel was ineffective for failing to raise same (Ground C).

- Trial counsel's cumulative errors undermine confidence in Mr. Amoop's convictions (Ground E).

(ECF No. 20–1 p. 3.) Respondent filed its answer on October 13, 2022. (ECF No. 25.) This matter was reassigned to me on March 25, 2024. (ECF No. 26.)

On March 19, 2025, I dismissed Grounds B, C, and E as procedurally defaulted. (ECF No. 29 pp. 9, 10.) I found that petitioner "acknowledged the procedural default in the Second Amended Petition but reserved addressing cause and prejudice for a reply brief." (*Id.* p. 10 (citing ECF No. 20–1 p. 16).) "Petitioner did not submit a reply brief after respondent submitted the answer, however, leaving the cause and prejudice and miscarriage of justice arguments unaddressed." (*Id.*) Therefore, I concluded that I could not address the merits of Grounds B, C, and E. (*Id.*) I denied the remainder of the Second Amended Petition and denied a certificate of appealability. (ECF No. 30.)

On April 11, 2025, petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (ECF No. 32); *see also Amoop v. Attorney General New Jersey*, Appeal No. 25–01763 (3d Cir.) He filed a *pro se* motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 59 that same day. (ECF No. 31.) Petitioner's Rule 59 motion asked for relief from judgment "so he can amend Grounds B, C, and E of [the Second Amended Petition] to include[] the cause and prejudice and fundamental miscarriage of justice factors to excuse the procedurally defaulted claims so it can be consider on their merits." (*Id.* p. 2.) I denied that motion on April 23, 2025 after concluding that petitioner had not addressed why he failed to respond to the State's procedural default argument prior to judgment. (ECF No. 35 pp. 4, 5.)

Petitioner filed this Rule 60(b) Motion on June 23, 2025. (ECF No. 38.) He argues that there are extraordinary circumstances warranting relief, namely that no court has rendered a decision on the merits of the procedurally defaulted claims and that CJA counsel's failure to argue against procedural default was a "dereliction of duty." (*Id.* p. 5.) Respondent opposes the Motion, arguing that relief pursuant to Rule 60(b) is inappropriate because "an attack

3

on habeas counsel's omission ordinarily does not go to the integrity of the proceedings."  (ECF No. 39 p. 2.)

## II. LEGAL STANDARD

"The standards for evaluating a 60(b) motion are well established." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021). That Rule "enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like."  *Buck v. Davis*, 580 U.S. 100, 112 (2017).  "The Rule concludes with a catchall category—subdivision (b)(6)—providing that a court may lift a judgment for 'any other reason that justifies relief.'"  *Id*.  The Supreme Court has noted that "our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.  Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

## III. DISCUSSION

Petitioner's appeal is currently pending before the Third Circuit.  *Amoop*, Appeal No. 25-01763 (3d Cir.)  "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."  *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).  However, "while an appeal is pending, a district court, without permission of the appellate court, has the power both to entertain and to deny a Rule 60(b) motion."  *Id*. at 123 (citing *Main Line Federal Savings and Loan Association v. Tri-Kell,* 721 F.2d 904, 906 (3d Cir. 1983)).  Therefore, I may consider the Motion despite Petitioner's pending appeal.

I must also consider whether the Motion is properly brought pursuant to Rule 60(b) or whether it is a second or successive § 2254 petition.  "[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion

4

attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). "However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Id.*

Petitioner argues in his Motion that I should reopen the habeas proceedings and consider the merits of Grounds B, C, and E because CJA counsel was ineffective for failing to defend against the procedural default argument. (ECF No. 38 p. 6.) "[A]n attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 5(2005) (internal citation omitted). Here, however, petitioner "cannot be viewed as trying to relitigate the merits of his claims because … the merits of [Grounds B, C, and E] have not yet been reviewed." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014). He is not attempting to add new claims, nor does he challenge my merits determination of the other claims in the Second Amended Petition. "Rather he is asking to have the merits [of the procedurally defaulted claims] determined in the first instance." *Id.* at 179. Therefore, I conclude that the Motion is properly filed pursuant to Rule 60(b).

I find that petitioner has not shown extraordinary circumstances that warrant Rule 60(b)(6) relief. "A prisoner bears the risk in federal habeas for all attorney errors made in the course of the representation unless counsel provides constitutionally ineffective assistance." *Shinn v. Ramirez*, 596 U.S. 366, 382–83 (2022) (cleaned up). There is no right to counsel in § 2254

5

proceedings, so any errors made by CJA counsel, to the extent there were any,[1] are attributable to petitioner. *Id.* at 383 (citing *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). Accordingly, I will deny petitioner's Motion.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). I will deny petitioner a certificate of appealability because jurists of reason would agree that petitioner has not satisfied Rule 60(b)(6)'s standard for relief.

## V. CONCLUSION

For the reasons stated above, I will deny the Motion. An appropriate Order accompanies this Opinion.

                                                            */s/ Edward S. Kiel*
                                                            **EDWARD S. KIEL**
                                                            UNITED STATES DISTRICT JUDGE

Dated: July 14, 2025

---

[1] To be clear, I make no findings about whether CJA counsel erred.